# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-196V
Filed: July 15, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARIE VERDIER, * | |
| * | |
| Petitioner, * | |
| * | Damages decision based on proffer; |
| v. * | flu vaccine; adhesive capsulitis; |
| * | shoulder impingement; tendinosis; |
| SECRETARY OF HEALTH * | SIRVA |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Paul R. Brazil, Philadelphia, PA, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On March 10, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2006), alleging that she suffered adhesive capsulitis, shoulder impingement, and tendinosis in her left shoulder as a result of receiving influenza ("flu") vaccine on October 23, 2012.

On June 13, 2014, respondent filed her Rule 4(c) Report conceding that petitioner

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

On July 15, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards petitioner a lump sum payment of **$104,059.49**, representing compensation for actual and projected pain and suffering ($100,000.00) and past unreimbursable expenses related to her vaccine-related injury ($4,059.49). The award shall be in the form of a check for **$104,059.49** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 15, 2014                                                              /s/ Laura D. Millman
                                                                                              Laura D. Millman
                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIE VERDIER,  ) | |
|  ) | |
| Petitioner,  ) | |
|  ) | No. 14-196V |
| v.  ) | Special Master Laura D. Millman |
|  ) | ECF |
| SECRETARY OF HEALTH  ) | |
| AND HUMAN SERVICES,  ) | |
|  ) | |
| Respondent.  ) | |
|  ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 11, 2014, Marie Verdier, a/k/a Marie Gesumene Pervelus Verdier ("petitioner") filed a petition for compensation under the Vaccine Act.[1]  Petitioner alleges that she received an influenza vaccine in her left arm on October 23, 2012, and subsequently suffered adhesive capsulitis, shoulder impingement, and tendinosis in her left shoulder secondary to the vaccination.  (See generally Dkt. 9, Resp.'s Rep. 1–3.)  The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA"), and recommending that the Court award petitioner compensation.  (Id. at 4–5.)  Respondent hereby submits the following proffer regarding the award of compensation.

---

[1] National Childhood Vaccine Injury Act ("Vaccine Act") of 1986, Pub. L. No. 99-660, tit. III, §§ 301–323, 100 Stat. 3743, 3755 (1986), *as amended*, 42 U.S.C. §§ 300aa-1 to 300aa-34.  All U.S.C. citations are to U.S.C.A. (West, Westlaw through P.L. 113-120, June 10, 2014).

**I.   Items of Compensation**

    A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

    B.  Lost Earnings

Respondent proffers that based upon the evidence of record, petitioner has not and is not likely to suffer a loss of earnings as a result of her vaccine-related injury.  Accordingly, the Court should not award lost future earnings as provided under § 300aa-15(a)(3)(A).  Petitioner agrees.

    C.  Pain and Suffering

Respondent proffers that the Court should award petitioner a lump sum of $100,000.00 for her actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See § 300aa-15(a)(4).  Petitioner agrees.

    D.  Past Unreimbursable Expenses

Respondent proffers that based upon the evidence of record, petitioner has incurred $4,059.49 in past unreimbursable expenses related to her vaccine-related injury.  Petitioner agrees.

    E.  Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $104,059.49 (representing compensation for actual and projected pain and suffering, and past unreimbursable expenses related to the vaccine-related injury), in the form of a check payable to petitioner.

## III. Summary of Recommended Payment Following Judgment

A lump sum payment of $104,059.49, representing compensation for actual and projected pain and suffering, and past unreimbursable expenses related to the vaccine-related injury, payable to petitioner.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

          /s/ Claudia B. Gangi
          CLAUDIA B. GANGI
          Senior Trial Attorney
          Torts Branch, Civil Division
          U.S. DEPARTMENT OF JUSTICE
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel: (202) 616-4138

DATED:  July 15, 2014